**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

W. FRED SANDERS,

      Plaintiff-Appellant,

v.

STATE OF UTAH, INDUSTRIAL
COMMISSION OF UTAH, Division
of Occupational Safety and Health;
JAY BAGLEY, in his official capacity
as head of Occupational Safety and
Health,

      Defendants-Appellees.

No. 00-4080
(D.C. No. 99-CV-111)
(D. Utah)

---

**ORDER AND JUDGMENT**  *

---

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

 *    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff W. Fred Sanders is appealing the district court's entry of summary judgment in favor of defendants on his federal civil rights and state law claims. We have reviewed the district court's grant of summary judgment de novo, examining the record and the reasonable inferences drawn therefrom in the light most favorable to plaintiff. *See 19 Solid Waste Dep't Mech. v. City of Albuquerque* , 156 F.3d 1068, 1071 (10th Cir. 1998). We affirm.

## I. Background

Plaintiff worked for the State of Utah Industrial Commission, Division of Occupational Safety and Health (Utah OSHA), as a compliance safety and health officer (CSHO). Defendant Jay Bagley was the administrator of the Utah OSHA. Pursuant to the provisions of the federal Occupational Safety and Health Act (OSHA), 29 U.S.C. § 667, the State of Utah is an approved state enforcement entity, and the Utah OSHA has responsibility for developing and enforcing all occupational safety and health standards in the State of Utah.

On or about October 20, 1994, plaintiff resigned from his position as a CSHO after defendants informed him that he was going to be terminated for cause for insubordination because of his refusals in 1992, 1993, and 1994 to fully complete the mandatory annual medical examinations which the Utah OSHA

required of all its CSHOs and other deficiencies in his job performance. To document his resignation, plaintiff submitted a letter of resignation and he and the commissioner of the Utah Industrial Commission also signed a memorandum of understanding. The memorandum of understanding provided that: (1) the effective date of plaintiff's resignation was December 31, 1994; (2) up until December 31, 1994, plaintiff would be on paid administrative leave and would receive all of his state employment benefits; (3) the Industrial Commission would withdraw the notification of discharge from plaintiff's state personnel file; and (4) plaintiff agreed that his resignation was voluntarily entered into and he waived his right to appeal.

Almost four years later, on October 16, 1998, plaintiff filed a complaint against defendants in state court in Salt Lake County, Utah. It appears from the record that none of the defendants were served with a copy of plaintiff's original complaint. On February 8, 1999, defendant State of Utah was served with a copy of plaintiff's first amended complaint. In his first amended complaint, plaintiff asserted claims against defendants for wrongful discharge in violation of public policy; wrongful discharge in retaliation for engaging in protected activity; and wrongful discharge in retaliation for whistle blowing. Pursuant to 42 U.S.C. § 1983, plaintiff also asserted a federal claim against defendants for violation of his property and liberty interests without due process.

On February 24, 1999, defendant State of Utah removed the state court case to the United States District Court for the District of Utah, Central Division, and defendants subsequently moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). On January 18, 2000, because the parties had presented matters outside the pleadings, the district court converted defendants' motion into a motion for summary judgment and granted the parties an additional ten days to submit additional materials for the court to consider. On January 24, 2000, instead of submitting additional evidentiary materials, plaintiff filed a motion for leave to file a second amended complaint. Defendants opposed plaintiff's motion, and the district court denied plaintiff's motion for leave to file a second amended complaint on March 28, 2000. On the same date, the district court also granted defendants summary judgment on all of the claims asserted in plaintiff's first amended complaint.

## II. Plaintiff's Second Amended Complaint

In his notice of appeal, plaintiff appealed "from the District Court's Order . . . granting Defendant's Motion for Judgment on the Pleadings." *See* Appellee's Supp. App., Vol. II, at 313. Defendants argue that the notice of appeal was defective in that plaintiff failed to separately appeal the district court's order denying his motion for leave to file his second amended complaint and that this court therefore lacks jurisdiction to consider plaintiff's claim that the district

-4-

court erred in denying his motion for leave. We disagree. "[A] notice of appeal that names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment under the general rule that appeal from a final judgment supports review of all earlier interlocutory orders." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 n. 7 (10th Cir. 1994) (quotation omitted).

Nonetheless, for substantially the same reasons set forth by the district court in its memorandum decision dated March 28, 2000, *see* Appellant's App. at 124-25, we hold that the district court did not abuse its discretion in denying plaintiff leave to file his second amended complaint. Accordingly, we will not consider the factual allegations or legal claims asserted in plaintiff's second amended complaint. [1]

### III. Plaintiff's Federal Claims

To support his federal claims under § 1983, plaintiff alleged in his first amended complaint that defendants "violated [his] rights to not be deprived of a property or liberty interest without due process of the law by not considering [his] legitimate rights visa vis [sic] the medical examinations, in punishing him for

---

[1] We note, however, that the claims asserted in plaintiff's second amended complaint suffer from the same deficiencies as the claims asserted in plaintiff's first amended complaint. Specifically, plaintiff's retaliation, wrongful discharge, and procedural due process claims fail due to his voluntary resignation, and his substantive due process/privacy claims are time barred.

exercising his statutory and common law rights and in not properly responding to [his] complaint and appeal." *See* Appellant's App. at 36, ¶ 168. Giving plaintiff the benefit of the doubt, we will assume that his allegations raise both procedural and substantive due process claims and that the former is focused on the circumstances of his resignation from the Utah OSHA, while the latter is focused on the circumstances of the mandatory medical examinations.

With respect to the procedural due process claim, we agree with the district court that, even assuming plaintiff had a property interest in his employment, he relinquished any such interest by voluntarily resigning from his job, and the fact that defendants had previously threatened to discharge him did not make his resignation involuntary. *See Parker v. Bd. of Regents of the Tulsa Junior Coll.*, 981 F.2d 1159, 1161-62 (10th Cir. 1992). Accordingly, for substantially the same reasons set forth by the district court, *see* Appellant's App. at 137-40, we affirm the district court's entry of summary judgment on plaintiff's procedural due process claim.

With respect to the substantive due process claim, [2] plaintiff claims in his opening brief that the mandatory medical examinations infringed on his constitutional right to privacy and that defendants further violated his privacy rights by failing to implement and follow the federal standards and procedures under OSHA for such examinations. Plaintiff's claims on appeal arguably go well beyond the allegations in his first amended complaint and raise significant pleading and standing issues. However, we need not reach these issues because we hold that plaintiff's substantive due process claim is time barred.

The four-year limitations period in Utah Code Ann. § 78-12-25(3) provides the limitations period for plaintiff's § 1983 claims. *See Sheets v. Salt Lake County*, 45 F.3d 1383, 1387 (10th Cir. 1995). Although the district court did not address this issue, we agree with defendants that any federal constitutional claim related to the medical examinations themselves, as opposed to plaintiff's subsequent resignation and alleged wrongful discharge, accrued more than four

---

[2] As used herein, the term "substantive due process" refers to the federal constitutional rights that have been incorporated against the states under the due process clause of the Fourteenth Amendment. The federal constitutional right at issue here is the right to privacy or, more correctly, the right guaranteed by the Fourth Amendment to be free from unreasonable searches and seizures. *See, e.g.*, *19 Solid Waste Dep't Mech.*, 156 F.3d at 1072 (analyzing Fourth Amendment privacy claims in § 1983 case involving challenge to state drug testing program); *Yin v. California*, 95 F.3d 864, 869-71 (9th Cir. 1996) (analyzing Fourth Amendment privacy claims in § 1983 case involving challenge to state medical examinations).

years before plaintiff filed his original complaint, or before October 16, 1994. [3]

As a result, plaintiff's substantive due process claim is time barred.

## IV. Plaintiff's State Law Claims

To support his state law retaliation and wrongful discharge claims, plaintiff claims that he did not voluntarily resign from his position as CSHO and that his resignation was a constructive discharge. We disagree. As found by the district court, the undisputed material facts show that plaintiff voluntarily resigned from his job. *See* Appellant's App. at 137-40. Consequently, plaintiff has failed to state a claim for wrongful discharge under state law. *See Daemi v. Church's Fried Chicken*, *Inc.*, 931 F.2d 1379, 1391 (10th Cir. 1991) (holding that plaintiff could not state claim for wrongful discharge under state law where evidence showed that he voluntarily resigned).

The State of Utah is also immune from liability for tort claims for wrongful discharge under the Utah Governmental Immunity Act. [4] *See* Utah Code Ann.

---

[3]    The record indicates that plaintiff's last annual medical examination took place on August 31, 1994, and that plaintiff provided a blood sample in connection with the last examination on September 15, 1994. There is no indication in the record that plaintiff was compelled to submit to any subsequent medical examinations or procedures. Accordingly, we hold that plaintiff's substantive due process/privacy claim accrued, at the latest, on September 15, 1994, and that the claim was therefore time barred as of September 15, 1998. As noted above, plaintiff did not file his original complaint until October 16, 1998.

[4]    Defendants also claim that they are immune from suit under the Eleventh

(continued...)

§ 63-30-3(1); *Broadbent v. Bd. of Educ. of the Cache County Sch. Dist.*, 910 P.2d 1274, 1277 (Utah Ct. App. 1996).[5] Plaintiff has also failed to state a claim against defendant Bagley in his individual capacity because he has failed to allege that Bagley acted or failed to act due to fraud or malice. *See* Utah Code Ann. § 63-30-4(4).

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge

---

[4](...continued)
Amendment. However, the State of Utah waived its immunity under the Eleventh Amendment by removing this case to federal court. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1233-34 (10th Cir. 1999).


[5] In *Broadbent*, the Utah Court of Appeals noted in dicta that the Utah Governmental Immunity Act would not bar an equitable claim for reinstatement. *Broadbent*, 910 P.2d at 1277, n.4. Although plaintiff seeks reinstatement, he is not entitled to such equitable relief since the undisputed facts show that he voluntarily resigned from the Utah OSHA.